**406**

Latture Equipment Co. v. Gruendlar Papent C. & P. Co. (1930) 133 Or. 421, 289 P. 1067.)

Appellees argue that the order can nevertheless be affirmed because the appellant could not prevail on the merits. The district court did not purport to reach the merits, and neither do we.

The order is reversed.

---

Charles E. Shanklin, Columbus, Ohio, for petitioner; George, Greek, King, McMahon & McConnaughey, Columbus, Ohio, by Harvey A. Rosenzweig, Columbus, Ohio, on brief.

Alan D. Cirker, N.L.R.B., Washington, D. C., for respondent; Eugene G. Goslee, Acting Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, John D. Burgoyne, Atty., N.L.R.B., Washington, D. C., on brief.

**RADCO ENTERPRISES, INC.,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

**No. 71–1312.**

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 1971.

Before CELEBREZZE, Circuit Judge, O'SULLIVAN, Senior Circuit Judge, and ROTH*, District Judge.

ORDER.

This case is before the Court on the petition of Radco Enterprises, Inc. to set aside an order of the National Labor Relations Board. The Board has cross-petitioned for enforcement of its order which is reported at 189 NLRB #48.

The Board found that an employee of Respondent had been discriminatorily discharged for Union activity in violation of Section 8(a)(1) and (3) of the National Labor Relations Act. It ordered the employee's reinstatement and compensation for losses suffered.

Respondent questions the decision made by the Board in crediting the testimony of the discharged employee. Such decisions are customarily within the special province of the Board. N.L.R.B. v. Stemun Mfg. Co., 423 F.2d 737, 739 (6th Cir. 1970).

* The Honorable Stephen J. Roth, United States District Judge, Eastern District of Michigan, sitting by designation.

We hold that the Board's findings are supported by substantial evidence on the record as a whole.

It is ordered that the petition for review be and it hereby is denied, and enforcement of the order of the National Labor Relations Board is hereby granted.

**Kyriacos Peter LOUKAS, Petitioner-Appellant,**

v.

**Perry JOHNSON, Warden, Michigan State Prison of Southern Michigan, Respondent-Appellee.**

**No. 71-1471.**

United States Court of Appeals, Sixth Circuit.

Jan. 3, 1972.

Kyriacos Peter Loukas, in pro. per.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Sol. Gen., Lansing, Mich., on brief for respondent-appellee.

Before EDWARDS, PECK and KENT, Circuit Judges.

PER CURIAM.

Appellant appeals after denial of his petition for writ of habeas corpus in the United States District Court for the Eastern District of Michigan, Southern Division. The sole issue presented is whether or not the District Judge erred in denying the writ which was sought on grounds of inadequacy of counsel. The petition had been accompanied by an affidavit from appellant's state trial counsel stating that at the time of appellant's state court trial on a charge of receiving and concealing stolen property, said counsel was unaware that under the doctrine of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), appellant had standing to protest the seizure of some stolen securities. These had been seized from a car not owned by him but of which he had possession at the time of his arrest.

This record indicates that appellant was represented at his state court trial by retained counsel. We agree with the District Judge's conclusion that the facts presented do not warrant a holding that counsel's asserted legal error was such as to constitute deprivation of counsel, in violation of the Sixth Amendment to the United States Constitution. Anderson v. Bannan, 250 F.2d 654, 655 (6th Cir. 1958).